

# UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ILLINOIS
# EASTERN DIVISION

|  |  |
|---|---|
| FEDERAL TRADE COMMISSION, and | ) |
| STATE OF ILLINOIS, | ) |
| Plaintiffs, | ) 1:15-cv-02985 |
| v. | ) Judge John Z. Lee |
| K.I.P., LLC, an Illinois limited liability company, *et al.*, | ) Magistrate Judge Mary M. Rowland |
| Defendants. | ) |

FILED

APR - 6 2015

THOMAS G. BRUTON
CLERK, U.S. DISTRICT COURT

## PLAINTIFFS' *EX PARTE* MOTION TO SEAL FILE TEMPORARILY

Plaintiffs, the Federal Trade Commission ("FTC") and State of Illinois, hereby respectfully move this Court on an *ex parte* basis for an order to seal temporarily the entire file in this matter, including the docket, Complaint, and all papers submitted by Plaintiffs on this date. In support thereof, Plaintiffs state:

1. Plaintiffs ask this Court to seal temporarily the file of this case until Friday, April 10, 2015, at 5:00 p.m., Central Time.

2. Although there is a common-law right to inspect and copy judicial records, this right is not absolute. *See Nixon v. Warner Commc'ns, Inc.*, 435 U.S. 597, 597-98 (1978). The presumption is rebuttable upon demonstration that suppression "is essential to preserve higher values and is narrowly tailored to serve that interest." *Grove Fresh Dist., Inc. v. Everfresh Juice Co.*, 24 F.3d 893, 897 (7th Cir. 1994). "Every court has supervisory power over its own records and files, and access has been denied where the court files might become a vehicle for improper purposes." *Nixon*, 435 U.S. at 598. "[T]he decision as to access is best left to the sound

discretion of the trial court, a discretion to be exercised in light of the relevant facts and circumstances of the particular case." *Id.* at 599.

3. There is a reasonable basis for departing from the Court's general policy of public filing in this matter. As described in more detail in Plaintiffs' Memorandum in Support of Their *Ex Parte* Motion for a Temporary Restraining Order with Asset Freeze, Appointment of a Receiver, Other Equitable Relief, and Order to Show Cause Why a Preliminary Injunction Should Not Issue ("TRO Memorandum"), this case concerns Defendants' repeated violations of both federal and state laws, including Section 5(a) of the Federal Trade Commission Act, 15 U.S.C. § 45(a); the Fair Debt Collection Practices Act, 15 U.S.C. §§ 1692-1692p; Section 2 of the Illinois Consumer Fraud and Deceptive Business Practices Act, 815 ILCS 505/2; and Sections 4 and 9(a) of the Illinois Collection Agency Act, 225 ILCS 425/4 and 425/9(a), in connection with Defendants' collection of alleged debts from consumers throughout the United States. Defendants' violations have caused substantial injury to consumers.

4. In this action, Plaintiffs seek restitution, disgorgement, and other equitable remedies to deprive Defendants of their ill-gotten gains. *See* 15 U.S.C. § 53; 815 ILCS 505/7. Specifically, the proposed temporary restraining order ("TRO") provides for, among other things, an asset freeze, appointment of a receiver, expedited discovery, and a prohibition on the destruction of Defendants' records. The relief that Plaintiffs seek is critical to preserving the possibility of providing full and effective final relief. Indeed, an asset freeze will ensure that Defendants' assets will remain available to provide consumer redress, and preservation of Defendants' business records will allow Plaintiffs to protect the public interest by giving them the opportunity to use these records to demonstrate that they are entitled to relief.

5. As described in the Declaration and Certification of Plaintiff Federal Trade Commission's Counsel Pursuant to Fed. R. Civ. P. 65(b) and Local Rule 5.5(d) in Support of Plaintiffs' *Ex Parte* Motion for Temporary Restraining Order and *Ex Parte* Motion to Seal File Temporarily, if documents filed in this case were placed on the public record while the Court is considering the TRO motion and before Defendants are served, Defendants may learn of this matter and defeat in large part the purposes of the records retention and asset freeze provisions of the TRO before the Court has an opportunity to consider the TRO motion. Defendants could potentially learn of this action from the media (which may monitor this district's dockets), or from any other entity or individual with access to the Court's filings. Individuals involved in schemes permeated by fraud, such as the scheme operated by Defendants, are, in the FTC's experience, likely to attempt to conceal or destroy evidence, and attempt to conceal or dissipate assets if they receive advance notice of an enforcement action. This Court's ability to render effective final relief in the form of consumer redress would be undermined if Defendants were to succeed in destroying evidence or dissipating assets.

6. Numerous judges in this district have granted similarly limited seals in other matters seeking relief similar to that sought here. *See, e.g., FTC v. Am. Yellow Browser, Inc.*, No. 15-cv-2047 (N.D. Ill. Mar. 9, 2015) (Norgle, J.); *FTC v. Modern Tech., Inc.*, No. 13-cv-8257 (N.D. Ill. Nov. 18, 2013) (Kendall, J.); *FTC v. AFD Advisors, LLC*, No. 13-cv-6420 (N.D. Ill. Sept. 10, 2013) (Zagel, J.); *FTC v. Caprice Mktg., LLC*, No. 13-cv-6072 (N.D. Ill. Aug. 29, 2013) (Lee, J.); *FTC v. Construct Data Publishers*, No. 13-cv-1999 (N.D. Ill. Mar. 15, 2013) (Tharp, J.); *FTC v. Fortune Hi-Tech Mktg.*, No. 13-cv-578 (N.D. Ill. Jan. 24, 2013) (Darrah, J.); *FTC v. Freedom Cos. Mktg., Inc.*, No. 12-cv-5743 (N.D. Ill. July 23, 2012) (Shadur, J.); *FTC v. Apogee One Enters. LLC*, No. 12-cv-588 (N.D. Ill. Jan. 30, 2012) (Kennelly, J.); *FTC v. Yellow*

*Page Mktg. B.V.*, No. 11-cv-5035 (N.D. Ill. July 26, 2011) (Feinerman, J.); *FTC v. Nat'l Sales Group*, No. 11-cv-1230 (N.D. Ill. Feb. 22, 2011) (Guzman, J.); *FTC v. Am. Tax Relief*, No. 10-cv-6123 (N.D. Ill. Sept. 24, 2010) (Gottschall, J.); *FTC v. Central Coast Nutraceuticals, Inc.*, No. 10-cv-4931 (N.D. Ill. Aug. 5, 2010) (Norgle, J); *FTC v. Asia Pacific Telecom Inc.*, No. 10-cv-3168, (N.D. Ill. May 25, 2010) (Hart, J.); *FTC v. API Trade LLC*, No. 10-cv-1543 (N.D. Ill. May 9, 2010) (Guzman, J.); *FTC v. 6555381 Canada Inc.*, No. 09-cv-3158 (N.D. Ill. May 27, 2009) (Gettleman, J.); *FTC v. Integration Media Inc.*, No. 09-cv-3160 (N.D. Ill. May 27, 2009) (Bucklo, J.); *FTC v. Atkinson*, No. 08-cv-5666 (N.D. Ill. Oct. 6, 2008) (Kendall, J.); *FTC v. Data Bus. Solutions Inc.*, No. 08-cv-2783 (N.D. Ill. May 14, 2008) (Dow, J.); *FTC v. Spear Sys., Inc.*, No. 07-cv-5597 (N.D. Ill. Oct. 3, 2007) (Andersen, J.); *FTC v. Sili Neutraceuticals, LLC*, No. 07-cv-4541 (N.D. Ill. Aug. 13, 2007) (Kennelly, J.); *FTC v. Select Pers. Mgmt., Inc.*, No. 07-cv-529 (N.D. Ill. Jan. 29, 2007) (Norgle, J.); *FTC v. 1522838 Ontario, Inc.*, No. 06-cv-5378 (N.D. Ill. Oct. 4, 2006) (Gettleman, J.); *FTC v. Datacom Mktg.*, No. 06-cv-2574 (N.D. Ill. May 9, 2006) (Holderman, J.); *FTC v. Cleverlink Trading Ltd.*, No. 05-cv-2889 (N.D. Ill. May 16, 2005) (St. Eve, J.).

WHEREFORE, for the foregoing reasons, the Seal Order is necessary to preserve the possibility of the requested relief. Accordingly, Plaintiffs respectfully request that the Court grant Plaintiffs' *Ex Parte* Motion to Seal File Temporarily until Friday, April 10, 2015, at 5:00 p.m., Central Time. This should be sufficient time to allow service of papers upon Defendants and third parties controlling Defendants' assets. A proposed order is attached hereto.

//

//

//

4

Respectfully submitted,

JONATHAN E. NUECHTERLEIN
General Counsel

Dated: April 6, 2015

*William J. Hodor*

WILLIAM J. HODOR
THERESA M. McGREW
Federal Trade Commission
Midwest Region
55 West Monroe Street, Suite 1825
Chicago, Illinois 60603
(312) 960-5634 [telephone]
(312) 960-5600 [facsimile]
whodor@ftc.gov [e-mail, Hodor]
tmcgrew@ft.gov [e-mail, McGrew]
Attorneys for Plaintiff
FEDERAL TRADE COMMISSION

LISA MADIGAN
Attorney General

THOMAS P. JAMES
KIMBERLY SLIDER
Office of the Illinois Attorney General
100 West Randolph Street
Chicago, Illinois 60601
(312) 814-3778 [telephone]
(312) 814-2593 [facsimile]
tjames@atg.state.il.us [e-mail, James]
kslider@atg.state.il.us [e-mail, Slider]
Attorneys for Plaintiff
STATE OF ILLINOIS

UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| FEDERAL TRADE COMMISSION, and<br><br>STATE OF ILLINOIS,<br><br>        Plaintiffs,<br><br>        v.<br><br>K.I.P., LLC, an Illinois limited liability company, *et al.*,<br><br>        Defendants. | )<br>)<br>)<br>)<br>)<br>) Case No.<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) |

[PROPOSED]
**ORDER SEALING FILE TEMPORARILY**

**IT IS HEREBY ORDERED** that, good cause having been shown therefore, the docket sheet and all pleadings and papers filed in the above-captioned matter shall be sealed. The seal shall lift automatically without further order of the Court at 5:00 p.m., Central Time, on Friday, April 10, 2015. This Order shall only be construed to prohibit disclosure of any of the sealed information by the Office of the Clerk of the Court.

**IT IS SO ORDERED.**

Dated: _____, 2015

_____
United States District Judge
Northern District of Illinois